UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL J. BIBAUD, : | |
| : | Civ. No. 15-5879 (FLW) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| JOHN J. HOFFMAN et al., : | |
| : | |
| Respondents. : | |

Petitioner, Daniel J. Bibaud ("Bibaud" or "Petitioner"), filed, by counsel, a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Upon an initial screening of the Petition under Rule 4 of the Rules Governing § 2254 Cases, the Court ordered Bibaud to show cause why his Petition should not be dismissed for failing to show that he was in custody when he filed it.[1] (ECF No. 2.) Bibaud subsequently filed a response contending that the outstanding statutory requirement that he attend two six-hour sessions at an Intoxicated Driver Resource Center established that he was still in custody at that time. (ECF No. 3.) Without finding that this conclusively establishes that Bibaud was still in custody, the Court finds that this is sufficient to survive the initial screening in this matter, and, consequently, it orders Respondents to answer.

Accordingly, IT IS, on this <u>11th </u>day of April 2018,

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases, a Notice of Electronic Filing of this Order on the State of New Jersey,

---

[1] In that Order, the Court specifically stated that it "makes no rulings at this time as to whether the obligations or restrictions listed by Petitioner would sufficed to meet the 'in custody' requirement," noting only that a mere fine or suspension of driving privileges had been found not to constitute custody. (ECF No. 2 at 4 n.3.)

Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the this order; and it is further

ORDERED that where the Petition (ECF No. 1) appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this order is filed, Respondents may file a Motion to Dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an Opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete Answer to all claims; and it is further

ORDERED that if Respondents do not file a Motion to Dismiss the Petition, they shall file a full and complete Answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' Answer shall respond to each factual and legal allegation of the Petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that Respondents' Answer shall address the merits of each claim raised in the Petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of the Answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' Answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' Answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the Answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the Answer; and it is further

ORDERED that Respondents shall electronically file the Answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the Answer within forty-five (45) days after Respondents file the Answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge